UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **PATRICK NEWTON GREEN** | **CIVIL ACTION NO. 21-506-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **OCHSNER/LSU, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Patrick Newton Green ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 25, 2021. Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He names Dr. John A. Mata, Nurse Jane Doe, PA Morgan N. Elledge, and Ochsner/LSU as defendants.

Plaintiff claims that on January 11, 2020, he arrived at Ochsner/LSU with left side paralysis. He claims he required a Foley catheter. He claims that on February 21, 2020, Dr. Mata and PA Elledge stated that the Foley catheter was to be removed, and he was given a prescription for a catheter which he was to CIC every four hours. Plaintiff claims that on February 21, 2020, Nurse Jane Doe violated his civil rights because she did not follow Dr. Mata or PA Elledge's orders to remove his Foley catheter. He claims Nurse

Jane Doe removed the catheter bag but not the Foley catheter. He claims that as a result he developed a severe infection which resulted in loss of bladder function and paralysis of his legs.

Plaintiff claims that on April 4, 2020, he experienced profuse bleeding from his rectum while trying to have a bowel movement because of the infection. He claims he fell off the toilet, hit his head on the floor, and lost consciousness.

Plaintiff claims that on June 30, 2020, he informed Dr. Thomas Paneque that a Foley catheter had been in his bladder for almost 90 days and it caused a severe infection which caused him to fall on April 4, 2020.

Plaintiff claims his medical records dated December 22, 2020, demonstrate that his bladder was not working because of medical malpractice. He claims that on December 22, 2020, he and the police informed PA Elledge that he was hesitant to proceed with SPT surgery on February 5, 2021. He claims PA Elledge made no note of his hesitation in her progress notes.

Plaintiff claims that on January 22, 2021, PA Elledge informed him that he had a possible tumor on his right kidney. He claims PA Elledge told him that she saw it on a previous test but did not inform him of her findings.

Accordingly, Plaintiff seeks monetary damages.

## LAW AND ANALYSIS

Plaintiff claims he was subjected to medical malpractice when a Foley catheter remained inserted in his bladder for approximately 90 days because Nurse Jane Doe did not follow orders to remove it and only removed the bag. He claims that as a result of

Nurse Jane Doe's failure to remove the Foley catheter he developed a severe infection and lost control of his bladder and suffered paralysis in both legs. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.[1]

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition,

---

[1] It is unclear if Plaintiff is a pretrial detainee or a convicted detainee. However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. Plaintiff has failed to demonstrate defendants possessed a culpable state of mind. Plaintiff admits the actions of Defendants were negligent [Doc. 1, pp.5, 20]. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect, or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

  **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 24th day of March, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge